DANIEL HECKER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 7735. Promulgated October 11, 1929,

D. H. James, Esq., for the petitioner.
T. M. Mather, Esq., for the respondent.

OPINION.

TRAMMELL: It is conceded that the petitioner received the profit of $87,260 from the sale of the stock in 1921. The only question with respect to that transaction is whether the petitioner is entitled to deductions of $10,000 on account of a commission paid, $40,000 which the petitioner paid back to the bank January 4, 1922, and in addition to these deductions, whether the petitioner is entitled to a deduction of $20,000 on account of securities claimed to be worthless.

With respect to the $10,000 commission paid, the respondent contends that the evidence does not show that the commission was paid during 1921 and since the petitioner's return was properly on the cash receipts and disbursements basis, the amount is not deductible in 1921. He argues in his brief that there is no evidence as to when the commission was paid other than the testimony that it was paid when the transaction was completed. The testimony, however, convinces us that this transaction was completed in 1921. There is no testimony in the record with respect to the basis upon which the petitioner reported his income, and the petitioner testified that he kept no books with respect to his personal transactions. Under these circumstances, we have held that the basis of reporting income is cash

receipts and disbursements. *John A. Brander*, 3 B. T. A. 231; *Sam Greengard*, 8 B. T. A. 734. The commission of $10,000, therefore, is allowable as a deduction in that year.

With respect to the $40,000 claimed by the petitioner as a deduction, the record shows that it was not paid until January 4, 1922, and in view of this fact, it would not be deductible in 1921. We express no opinion with respect to the deductibility of the amount for 1922.

With respect to the $20,000 claimed as a deduction on account of securities claimed to have been worthless, the record discloses that the amount was secured by a mortgage and the mortgaged property taken over. The record does not disclose the value of the real estate which was taken over. It was not sold during the taxable year and apparently has not yet been sold. Under these facts, the petitioner is not entitled to a deduction with respect thereto.

*Judgment will be entered under Rule 50.*